ARTHUR J. MONTGOMERY, *Contestant v.* T. E. N. STEELE, *Contestee*

(No. 9643)

Submitted October 10, 1944. Decided October 31, 1944.

*Joseph R. Curl,* for plaintiff in error.

*Walter A. McGlumphy* and *Martin Brown,* for defendant in error.

Fox, JUDGE:

Under existing statutes which permit the election of two members of a county board of education from a magisterial district of any county, and which limit such election to that number, Washington Magisterial District, in Marshall County, at this time, has two members of the Board of Education of that county, to-wit: Ralph Riggs, whose term of office does not expire until after the beginning of the term of those to be elected at the general election to be held in November, 1944; and Arthur J. Montgomery, appointed to fill an unexpired term, occasioned by the resignation of one Guy Alexander, and which unexpired term it is necessary to fill in the coming November election.

Arthur J. Montgomery and T. E. N. Steele were the sole candidates, for the nomination for said unexpired term, in the non-partisan primary held in May, 1944, and both

are residents of Washington District. In said primary
Montgomery received 3,680 votes, and Steele 2,904 votes,
as determined by a convass of the votes cast in said pri-
mary. Montgomery, having received a majority of the
votes cast in the primary, and being of the opinion that,
under the provisions of Section 5, Article 4 of Chapter 48
of the Acts of the Legislature, 1943, he was the sole nomi-
nee, and solely entitled to have his name placed on the
non-partisan ballot for said office in the November elec-
tion, and assuming to act under Article 9 of Chapter 3
of the Code, filed his notice of contest and served the same
on Steele that he would contest his designation as a nomi-
nee on the non-partisan ballot for the election of members
of the Board of Education of Marshall County, in the en-
suing general election. This notice was dated May 23,
1944, served on Steele the following day, and filed before
the County Court of Marshall County on July 5, 1944. The
matter was set for hearing on July 25, 1944, on which date
Steele appeared and interposed his demurrer to the notice
of contest, which demurrer the court overruled; after
which, on the same day, evidence was taken and the mat-
ter submitted for final decision. Whereupon, the county
court entered its order, dated July 25, 1944, reciting the
facts hereinbefore noted, as to which there is no dispute,
and in which order the court made the following holding
and declaration:

"* * * that under the provisions of Chapter 48,
Article 4, Section 5 of the Acts of the 1943 Regu-
lar Session of the Legislature of West Virginia,
one nomination may be made for the same magis-
terial district wherein only one member of said
Board of Education of Marshall County already
elected and otherwise qualified resides and will
continue to hold office as specified in said Act
until the 1st day of July, 1947; and that as the said
Ralph Riggs, a resident of said magisterial Dis-
trict of Washington, is now, and will be, a mem-
ber of said Board of Education of Marshall
County until the 1st day of July, 1947, and that
only one such nomination may be made for said
magisterial district wherein one such member al-
ready elected and otherwise qualified resides and

will continue to hold his said office as aforesaid, the Court therefore declares that the said Arthur J. Montgomery, who is a resident of Washington District, Marshall County, West Virginia, received a total of three thousand six hundred and eighty (3,680) votes at the primary election held on the 9th day of May, 1944, and that the said T. E. N. Steele, a resident of said Washington District, Marshall County, West Virginia, received a total of two thousand nine hundred and four (2,904) votes.

This Court therefore declares that the said Arthur J. Montgomery is the sole and only nominee for the said unexpired term of the said Guy Alexander and who was nominated at said primary election to be voted for at the general election to be held on the 7th day of November, 1944."

Steele sought an appeal to the Circuit Court of Marshall County, and on August 1, 1944, his appeal was docketed, and, by consent of the parties, heard on that day. The Circuit Court affirmed the order, aforesaid, entered by the County Court. On August 9, 1944, we granted a writ of error to the action of the Circuit Court, and the whole matter now comes on for hearing on a motion to reverse the ruling of the Circuit Court aforesaid.

The facts stated herein make it clear that this case is controlled by our decision in the case of *Thomas* v. *Board of Ballot Commissioners,* 127 W. Va. 18, 31 S. E. 2d 328, in which an opinion was filed September 6, 1944. In that case several primary candidates were involved, and more than one magisterial district. Here only two candidates and one district need be considered. On the question which must be considered in the case at bar, we held, in the *Thomas* case, as follows:

"Under Section 22-a, Article 4, Chapter 42, Acts of the Legislature of 1941, and Chapter 48, Acts of 1943, considered together, a magisterial district of a county school district having a member of the Board of Education of such district whose term of office extends beyond the beginning of those to be filled at the succeeding election, may nominate in a non-partisan primary election, to be voted on

in the general election to follow, two persons for the one term to which, under the law, such magisterial district is entitled to compete, and, upon receiving the necessary vote in the general election, to elect to such term."

Counsel for contestant, Montgomery, apparently concede that if our decision in the *Thomas* case is followed, the ruling of the Circuit Court herein must be reversed. In effect, they ask us to overrule our decision in the *Thomas* case. In that case, the members of this Court were divided in their views, but all gave mature and careful consideration thereto, and the same was considered binding on this Court, when, subsequently, T. E. N. Steele, the contestee in the case at bar, instituted a mandamus proceeding against the Board of Ballot Commissioners of Marshall County, in which he sought to have his name placed on the ballot, to be voted for members of the Board of Education of Marshall County, in the November election, and in that mandamus proceeding, under the authority of the *Thomas* case, we granted the relief prayed for, by an order entered by this Court on the 15th day of August, 1944. The question considered in the mandamus proceeding is identical with the sole question presented on this writ of error; and while the decisions in the *Thomas* case and in the mandamus proceeding are not, technically, the law of this case, we consider them binding precedents and see no reason, in all the circumstances, why the decisions reached in those cases should be overruled, and we therefore elect to follow rather than depart therefrom.

The order of the Circuit Court of Marshall County entered on the 1st day of August, 1944, is reversed, and an order will be entered here dismissing the contest proceeding instituted by Arthur J. Montgomery, aforesaid, and awarding costs against him in the County and Circuit Courts and in this Court.

*Order reversed; contest dismissed.*